UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH J. PHELAN,

                Petitioner,

        v.                                    9:11-CV-0288
                                                (DNH)

N. BEZIO,

                Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

KENNETH J. PHELAN
Petitioner, pro se
09-A-1183
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

HON. ERIC T. SCHNEIDERMAN          PAUL M. TARR, ESQ.
Attorney General for the State of New York   Ass't Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION AND ORDER

## I. BACKGROUND

### A. State Court Proceedings

The state court records reflect that on June 5, 2008, petitioner pro se Kenneth J. Phelan forged the signature of Michael Gorman on a United States Citizenship and Immigration Services document of the Department of Homeland Security. See Tr. of

Change of Plea, Dkt. No. 12-8, ("Plea Tr.") at 24-25.[1]  Petitioner was subsequently charged in an indictment issued by an Albany County Grand Jury with second degree forgery, in violation of section 170.10(2) of the New York Penal Law.  Plea Tr. at 2, 24.[2]

On December 17, 2008, petitioner appeared before Albany County Court Judge Stephen W. Herrick for purposes of entering a guilty plea to the second degree forgery charge in full satisfaction of the charge brought against him in the above-described indictment as well as an unrelated indictment that had been previously returned against petitioner.  See id. at 2-3.  After a lengthy exchange between the court, petitioner, his counsel and the prosecutor, id. at 4-26, the trial court accepted petitioner's guilty plea to the forgery charge.  Id. at 26.

On February 13, 2009, petitioner appeared with counsel for sentencing.  See Sentencing Tr., Dkt. No. 12-8.  At that proceeding, the county court sentenced petitioner to an indeterminate prison term of two and one-half to five years.  Id. at 5.

Petitioner filed an appeal of the foregoing with the New York State Supreme Court, Appellate Division, Third Department in which he argued that:  (1) his guilty plea was not knowingly, voluntarily or intelligently made; (2) his trial counsel rendered ineffective assistance; and (3) the imposed sentence was harsh and excessive.  See Appellate Br. on Appeal, Dkt. No. 12-1, ("App. Br."), Points I through III.  That appeal was opposed by the Albany County District Attorney (Dkt. No. 12-2), and on October 7, 2010, the Appellate Division unanimously affirmed the conviction and sentence.  People v. Phelan, 77 A.D.3d

---

[1] Petitioner appears to have used Gorman's notary public stamp and forged his name on such document.  Dkt. No. 12-2 at 5.

[2] Respondent did not provide a copy of the indictment in the state court records he filed in this action.

2

987 (3d Dep't 2010), leave denied, 16 N.Y.3d 834 (2011).

On December 27, 2010, petitioner filed a pro se application seeking a writ of error coram nobis in which he argued that his appellate counsel was ineffective because he failed to argue that: (1) petitioner's "serious mental disability" should have been considered a mitigating factor at sentencing; and (2) trial counsel rendered ineffective assistance by failing to bring petitioner's mental disability to the attention of the county court. See Dkt. No. 12-6. On February 14, 2011, the Appellate Division denied that application. See Dkt. No. 12-7 ("February, 2011 Decision"). New York's Court of Appeals denied petitioner permission to appeal that order on March 30, 2012. See Dkt. No. 21.

### B.  Proceedings in this Court

Petitioner commenced the present action by filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 16, 2011. See Dkt. No. 1 ("Pet."). In his pleading, he argues that he is entitled to federal habeas intervention because: (1) his trial counsel rendered ineffective assistance by failing to, (a) conduct any pretrial discovery, (b) file a suppression motion, and (c) retain an expert to establish petitioner's "severe mental disability;" (2) his appellate counsel was ineffective because he failed to argue that petitioner's alleged mental disability was a basis for reversal or a reduced sentence; and (3) the imposed sentence is harsh and excessive. See Pet., Grounds One through Three.

On August 15, 2011, the Office of the Attorney General for the State of New York, acting on respondent's behalf, filed an answer in opposition to petitioner's pleading. Dkt. No. 10. Respondent's counsel also filed a memorandum of law in opposition to that petition, see Dkt. No. 11 ("Resp. Mem."), together with various state court records relating to petitioner's

3

conviction.  Dkt. No. 12.

On September 1, 2011, petitioner filed a Traverse in further support of his request for federal habeas intervention.  See Dkt. No. 13 ("Traverse").

This matter is now ready for disposition.

## II. DISCUSSION

### A. Unexhausted Claims

### 1. Exhaustion Doctrine

A federal district court may not grant the habeas petition of a state prisoner "'unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.'"  Richardson v. Superintendent of Mid-Orange Corr. Facility, 621 F.3d 196, 201 (2d Cir. 2010) (quoting 28 U.S.C. § 2254(b)(1)(A)), cert. denied sub nom. Richardson v. Inserra, ___ U.S. ___, 131 S. Ct. 1019 (2011).  This is because "[s]tate courts, like federal courts, are obliged to enforce federal law."  Smith v. Duncan, 411 F.3d 340, 347 (2d Cir. 2005) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844, 119 S. Ct. 1728, 1732 (1999)).  As the Supreme Court noted in O'Sullivan, "[c]omity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review th[e] claim and provide any necessary relief."  Id., 526 U.S. at 844,119 S. Ct. at 1732; see also Smith, 411 F.3d at 347.  A petitioner exhausts his state remedies in the federal habeas context by:  "(i) present[ing] the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts); and (ii) inform[ing] that court (and lower courts) about both the factual and legal bases for the federal claim."  Ramirez v. Attorney Gen., 280 F.3d

4

87, 94 (2d Cir. 2001); see also Aller v. Lape, No. 09-CV-1192, 2011 WL 1827443, at *3 (E.D.N.Y. May 12, 2011).  A petitioner fairly presents the federal nature of his claims to the state courts by:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011), cert. denied ___ U.S. ___, 132 S. Ct. 265 (2011); see also Clark v. Bradt, No. 10-CV-0964, 2012 WL 28275, at *4 (W.D.N.Y. Jan. 5, 2012).

Respondent contends that petitioner failed to exhaust two of the three theories he asserts in support of his initial ground for relief.  Specifically, respondent argues that petitioner asserted for the first time in this action his claims that his trial counsel:  i) did not conduct any pretrial discovery; and ii) failed to assert an argument based upon petitioner's claimed mental disability.  Resp. Mem. at 9.  With respect to petitioner's third ground, in which he argues that his sentence is "harsh and excessive," respondent claims that petitioner never raised that claim in the state court in federal constitutional terms.  Id. at 10.[3]

In responding to these arguments, petitioner contends that he has exhausted of his habeas claims.  Traverse ¶ 2.

---

[3] Respondent had also argued that petitioner failed to exhaust his ineffective assistance of appellate counsel claim because petitioner had not sought leave to appeal the denial of his coram nobis application from New York's Court of Appeals.  Resp. Mem. at 9-10.  However, respondent noted that subsequent to the commencement of this action, petitioner sought such leave.  Dkt. No. 18.  Petitioner has therefore now exhausted his second ground for relief.

5

In order to ascertain whether petitioner has exhausted the claims he asserts herein, the briefs he filed in the state courts in which he argues the above claims must be examined. In the appellate brief filed by counsel on petitioner's behalf, counsel claimed that petitioner received the ineffective assistance of trial counsel. App. Br., Point II. However, in support of that claim, appellate counsel only argued that such counsel "erred by not filing a motion to suppress physical evidence." Id. at 12. Nowhere in that appellate brief did counsel argue that trial counsel rendered ineffective assistance by not conducting any pretrial discovery, or by failing to secure an expert to evaluate petitioner's mental health. Petitioner has therefore failed to establish that he has exhausted these aspects of his initial ground for relief.[4]

With respect to his third ground, petitioner argued in his direct appeal that the sentence imposed on him was both harsh and excessive. See App. Br., Point III. Additionally, in one of the cases counsel cited in that brief in support of his sentencing claim, People v. Notey, 72 A.D.2d 279 (2d Dep't 1980), see App. Br. at 15-16, the sole issue before the Appellate Division was the propriety of the sentences imposed on the appellant. Notey, 72 A.D.2d at 279. In addressing that sentencing claim, the Appellate Division referred to the Eighth Amendment to the United States Constitution, discussed at some length the issue of whether the imposed sentences violated the provisions of that amendment, and ultimately modified the terms of the appellant's sentences. Id. at 283-85. Moreover, petitioner's appellate counsel argued in his leave application that petitioner's sentence was harsh and excessive, and incorporated the arguments asserted in the

---

[4] Habeas corpus petitioners bear the burden of demonstrating that they have exhausted available state remedies. Brown v. Lee, No. 9:10-CV-0311, 2011 WL 1135940, at *6 n.6 (N.D.N.Y. Mar. 25, 2011) (Mordue, C.J.).

6

appellate brief by reference in that leave application.  Dkt. No. 12-4.  Petitioner has therefore exhausted his sentencing claim.

### 2. **Consequences of Petitioner's Failure to Exhaust**

When claims have not been fully exhausted by a habeas petitioner, a federal court may find that there is an absence of available state remedies when "it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile."  Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001); Robinson v. Superintendent, Green Haven Corr. Facility, No. 09-CV-1904, 2012 WL 123263, at *4 (E.D.N.Y. Jan. 17, 2012).  Therefore, it must be determined whether it would be futile for petitioner to now present his unexhausted claims alleging ineffective assistance of trial counsel to the state courts in federal terms.

Petitioner cannot now file a second appeal with the Appellate Division in which he argues the federal nature of those claims because a defendant is "entitled to one (and only one) appeal to the Appellate Division."  See Aparicio, 269 F.3d at 91; Allison v. Khahaifa, No. 10-CV-3453, 2011 WL 3298876, at *8 (E.D.N.Y. Aug. 1, 2011).  Additionally, "New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the issue on direct appeal."  Aparicio, 269 F.3d at 91 (citing N.Y. Crim. Proc. Law ("CPL") § 440.10(2)(c)); see Ludwigsen v. Conway, No. 09-CV-3524, 2011 WL 3423342, at *3 n.2 (E.D.N.Y. Aug. 3, 2011).  Petitioner therefore could not now properly argue, in a motion to vacate his judgment of conviction pursuant to CPL section 440.10, the federal nature of his record-based claims that his attorney rendered ineffective assistance by failing to conduct any pretrial discovery and by not retaining an expert to establish

petitioner's alleged mental disability. See McCormick v. Morrisey, 770 F. Supp. 2d 556, 563 (W.D.N.Y. 2011) (holding that petitioner could not assert, through a CPL motion, an ineffective assistance of trial counsel claim that was well established in the trial record); McCallie v. Poole, No. 07-CV-0473, 2011 WL 1672063, at *9 (W.D.N.Y. May 3, 2011) (finding record-based ineffective assistance claim to be unexhausted and procedurally defaulted); Ortiz v. Heath, No. 10-CV-1492, 2011 WL 1331509, at *7 (E.D.N.Y. Apr. 6, 2011) ("New York courts routinely deny 440 motions on ineffective assistance of counsel claims where the claim is grounded in the trial record but the defendant failed to raise the claim on direct appeal"). Therefore, these claims are "deemed exhausted" for purposes of his habeas application. St. Helen v. Senkowski, 374 F.3d 181, 183-84 (2d Cir. 2004); Hall v. Bezio, No. 9:10-CV-0837, 2011 WL 3566845, at *6 (N.D.N.Y. Aug. 12, 2011) (Hurd, J.). Although such theories are "deemed exhausted," they are also procedurally defaulted. See Aparicio, 269 F.3d at 90 (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 2557 n.1 (1991)); see also Moore v. Ercole, No. 09-CV-1003, 2012 WL 407084, at *7 (E.D.N.Y. Feb. 8, 2012) (holding that unexhausted claims which petitioner can no longer pursue in state court are deemed exhausted and procedurally defaulted).

Federal courts may only consider the merits of procedurally defaulted claims where the petitioner can establish both cause for the procedural default and resulting prejudice or, alternatively, that a fundamental miscarriage of justice would occur absent federal court review of the claims. Acosta v. Artuz, 575 F.3d 177, 184 (2d Cir. 2009); Smith v. Fischer, No. 07 CIV. 2966, 2012 WL 695432, at *16 (S.D.N.Y. Mar. 5, 2012).

To establish legal "cause" which would permit review of procedurally forfeited claims, a petitioner must show that some objective, external factor impeded his ability to fully exhaust the claims.  See Coleman, 501 U.S. at 753, 111 S. Ct. at 2566; Restrepo v. Kelly, 178 F.3d 634, 638 (2d Cir. 1999); Roa v. Portuondo, 548 F. Supp. 2d 56, 78 (S.D.N.Y. 2008).  "Cause may be established by 'showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that 'some interference by officials' . . . made compliance impracticable . . . [or that] the procedural default is the result of ineffective assistance of counsel.'"  McCallie, 2011 WL 1672063, at *3 (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986)); see also Maxis v. Philips, No. 10-CV-1016, 2011 WL 1397184, at *5 (E.D.N.Y. Apr. 13, 2011).

Nowhere in his Petition or Traverse does petitioner argue—much less establish—that good cause exists which legally excuses his failure to exhaust the foregoing claims.[5]  Furthermore, nothing in the state court record suggests that any legal cause excuses his failure to exhaust those claims.  Since petitioner has not established cause for his procedural defaults,[6] it need not be considered whether he has suffered the requisite prejudice because federal habeas relief is unavailable under this limited exception permitting review of procedurally forfeited claims unless the petitioner demonstrates both cause and prejudice.  See Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir. 1985); Collazo v. Lee, No. 11 CIV. 1804, 2011 WL 6026301, at *3 (E.D.N.Y. Dec. 2, 2011) (finding that because petitioner

---

[5] As noted above, petitioner asserts that he has exhausted all of his claims.  Traverse ¶ 2.

[6] The petitioner bears the burden of establishing cause for his procedural defaults and resulting prejudice.  Delayo v. Carney, No. 09-CV-1090, 2010 WL 4962996, at *7 n.10 (N.D.N.Y. Dec. 1, 2010) (Suddaby, J.).

9

failed to show cause for his procedural default, the court need not determine whether he suffered prejudice); Tillery v. Lempke, No. 9:10-CV-1298, 2011 WL 5975068, at *4 (N.D.N.Y. Nov. 29, 2011) (Suddaby, J.).

The finding that petitioner has failed to demonstrate cause for his procedurally defaulted claims does not necessarily preclude consideration of those theories, however, because as noted above, a federal court may nonetheless properly review such claims if the failure to consider them would amount to a fundamental miscarriage of justice. Acosta, 575 F.3d at 184; Noakes v. Kaplan, No. 10 CIV. 5141, 2012 WL 718553, at *11 (S.D.N.Y. Mar. 5, 2012); Tillery, 2011 WL 5975068, at *4. However, in discussing this limited exception to the rule prohibiting district courts from considering procedurally barred claims, the Second Circuit has noted that:

> The Supreme Court has explained that the fundamental miscarriage of justice exception is "extremely rare" and should be applied only in "the extraordinary cases." Schlup v. Delo, 513 U.S. 298, 321-22, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998). "To establish actual innocence, [a] petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Id. (citing Schlup, 513 U.S. 298, 327-28, 115 S. Ct. 851, 130 L.Ed.2d 808 (some internal citation marks omitted)).

Sweet v. Bennett, 353 F.3d 135, 142 (2d Cir. 2003); see also Mastowski v. Superintendent, 10-CV-0445, 2011 WL 4955029, at *14 (W.D.N.Y. Oct. 18, 2011).

In conjunction with this proceeding, relevant portions of the state court record, including the transcript of the proceeding at which petitioner pleaded guilty, have been reviewed. Nothing in this action suggests that petitioner is actually innocent of the forgery

10

charge to which he pleaded guilty. Moreover, as was properly noted in Delayo: "an individual who pleads guilty to a crime can rarely thereafter establish that he is actually innocent of the charges to which he pleaded guilty." Id., 2010 WL 4962996, at *7.

Since petitioner cannot now seek safe harbor from the denial of his defaulted claims under this final exception permitting habeas review of those theories, his claims that his trial counsel was ineffective because he failed to conduct any pretrial discovery, and wrongfully failed to have petitioner's mental capacity professionally evaluated to support a claim that petitioner's alleged mental disability should serve as a "mitigating circumstance" in petitioner's case, Pet., Ground One, will be denied as procedurally forfeited.

### B.  Remaining Claims

#### 1.  Standard of Review

Enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") brought about significant new limitations on the power of a federal court to grant habeas relief to a state prisoner under 28 U.S.C. § 2254. In discussing this deferential standard, the Supreme Court noted in Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770 (2011) that:

> Federal habeas relief may not be granted for claims subject to
> § 2254(d) unless it is shown that the earlier state court's decision
> "was contrary to" federal law then clearly established in the
> holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S.
> 362, 412, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000); or that it
> "involved an unreasonable application of" such law, § 2254(d)(1);
> or that it "was based on an unreasonable determination of the
> facts" in light of the record before the state court, § 2254(d)(2).

Harrington, 131 S. Ct. at 785; see also Schriro v. Landrigan, 550 U.S. 465, 473, 127 S. Ct. 1933, 1939 (2007) (citing 28 U.S.C. § 2254(d)(1), (2)). In providing guidance concerning application of this standard, the Supreme Court has observed that:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. Williams v. Taylor, supra, at 405, 120 S. Ct. 1495; Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam). A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. Williams v. Taylor, supra, at 405, 120 S. Ct. 1495; Woodford v. Visciotti, 537 U.S. 19, 24-25, 123 S. Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam).

Brown v. Payton, 544 U.S. 133, 141, 125 S. Ct. 1432, 1438-39 (2005); see also Portalatin v. Graham, 624 F.3d 69, 79 (2d Cir. 2010), cert. denied, ___ U.S. ___, 131 S. Ct. 1693 (2011).

For a federal court to properly find a state court's application of Supreme Court precedent to be unreasonable in this context, the state court's decision must have been "more than incorrect or erroneous. . . . The state court's application must have been objectively unreasonable." Wiggins v. Smith, 539 U.S. 510, 520-21, 123 S. Ct. 2527, 2535 (2003) (internal quotations and citations omitted); Ryan v. Miller, 303 F.3d 231, 245 (2d Cir. 2002); Kelly v. Conway, No. 10-CV-3053, 2011 WL 3555823, at *2 (E.D.N.Y. Aug. 11, 2011). "While the precise method for distinguishing objectively unreasonable decisions from merely erroneous ones is somewhat unclear, it is well-established in this Circuit that the objectively unreasonable standard of § 2254(d)(1) means that petitioner must identify some increment of incorrectness beyond error in order to obtain habeas relief." Sorto v. Herbert, 497 F.3d 163, 169 (2d Cir. 2007) (internal quotations, citation and alteration omitted). As the Court noted in Schriro, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was

12

unreasonable—a substantially higher threshold." Schriro, 550 U.S. at 473, 127 S. Ct. at 1939.

### 2. Substance of Petitioner's Remaining Claims

#### i. Ineffective Assistance of Trial Counsel

Petitioner's exhausted claim alleging ineffective assistance is based upon his argument that his trial attorney wrongfully failed to file a suppression motion. Pet., Ground One.

The Sixth Amendment to the United States Constitution provides that: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const., Amend. VI. To establish a violation of this right to the effective assistance of counsel, a habeas petitioner must show both: a) that counsel's representation fell below an objective standard of reasonableness, measured in the light of the prevailing professional norms; and b) prejudice, that is, a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different. Harrington, 131 S. Ct. at 787-88.

In support of petitioner's claim that his trial counsel wrongfully failed to file a suppression motion, petitioner argues that the Supreme Court's decision in Kimmelman v. Morrison, 477 U.S. 365, 106 S. Ct. 2574 (1986) presents "the exact same issue as [in petitioner's] case." Pet., Ground One. He re-asserts this argument in his Traverse, wherein he contends that "[t]his court must do the same as the Supreme Court did in Kimmelman, vacate my conviction, period." Traverse ¶ 4.

However, the petitioner in Kimmelman did not enter a guilty plea but instead proceeded to trial on the charge against him. Kimmelman, 477 U.S. at 368-71, 106 S. Ct. at 2579-2580. By contrast, petitioner herein pleaded guilty to the forgery charge, and was specifically informed at the time he entered his plea that by pleading guilty, he was, inter alia, waiving all appellate issues other than matters addressed to the court's jurisdiction. Plea Tr. at 15-17.[7] Significantly, the trial court specifically advised petitioner that, by pleading guilty, he was waiving his right "to have any pretrial hearings that [he] otherwise might have been entitled to receive, including suppression hearings[.]" Plea Tr. at 13-14. Since petitioner was plainly aware that the trial court would not be considering any suppression application if he pleaded guilty to the crime, he may not now prevail on his claim that his attorney rendered ineffective assistance by failing to file any suppression motion. Moreover, by pleading guilty prior to making any suppression motion, petitioner waived his right to any judicial determination of any potential suppression issues. See Martinez v. Senkowski, No. 97CV0624, 2000 WL 33767628, at *5 n.23 (N.D.N.Y. Jan. 7, 2000) (Sharpe, M.J.) adopted by 2000 WL 888031 (June 28, 2000) (Scullin, C.J.); see, e.g., Schrom v. People, No. 11-CV-0104, 2012 WL 1029449, at *3 (W.D.N.Y. Mar. 26, 2012) ("It is well established that a defendant who enters a counseled and voluntary guilty plea thereby waives his right to appeal constitutional defects in criminal proceedings occurring before the guilty plea.").

---

[7] After having examined the transcript of the proceeding at which petitioner pleaded guilty, it is apparent that his plea was knowingly, intelligently and voluntarily made, "with sufficient awareness of the relevant circumstances and likely consequences." Bradshaw v. Stumpf, 545 U.S. 175, 183, 125 S. Ct. 2398, 2405 (2005); see also United States v. Adams, 448 F.3d 492, 497 (2d Cir. 2006); Peters v. Superintendent, Sing Sing Corr. Facility, No. 10-CV-0116, 2011 WL 7090733, at *7 (N.D.N.Y. Oct. 19, 2011) (Peebles, M.J.) adopted by 2012 WL 195318 (N.D.N.Y. Jan. 23, 2012) (Sharpe, C.J.).

14

Since the Appellate Division's decision rejecting petitioner's ineffective assistance of trial counsel claim, see Phelan, 77 A.D.3d at 987-98, is neither contrary to, nor represents an unreasonable application of, the above referenced Supreme Court precedent, the remaining aspect of petitioner's initial ground for relief will be denied as being without substance.[8]

### ii. Ineffective Assistance of Appellate Counsel

In his second ground, petitioner argues that his appellate counsel wrongfully "failed to bring up the issue of [petitioner's] disability." Pet., Ground Two. He specifically asserts that the Department of Corrections and Community Supervision has found that petitioner suffers from a "severe" mental health issue, and contends that if appellate counsel had argued the issue of that disability to the Appellate Division, petitioner would have either obtained a reversal of his conviction "or at least . . . a reduced sentence." Id.

The Sixth Amendment has been interpreted to require that indigents be provided with assigned counsel for their first appeal as of right. Smith v. Robbins, 528 U.S. 259, 276-77, 120 S. Ct. 746, 759-60 (2000). Thus, an individual is entitled to the effective assistance of

---

[8] Moreover, nothing in the record suggests that petitioner is entitled to the relief he seeks with respect to his unexhausted theories alleging ineffective assistance. Petitioner's valid guilty plea precludes a finding that trial counsel's pretrial discovery was inadequate. Dunn v. Senkowski, No. 03-CV-0364, 2007 WL 2287879, at *7 (N.D.N.Y. Aug. 7, 2007) (McCurn, S.J.) (holding that valid guilty plea prevented petitioner from prevailing on habeas challenge concerning "the adequacy of defense counsel's pretrial investigation and/or preparation"); see also Schrom, 2012 WL 1029449, at *3.

With respect to petitioner's claim that trial counsel wrongfully failed to argue that the county court should consider petitioner's claimed mental disability in the related criminal matter, it is noted that at the time of petitioner's plea, the trial court specifically asked petitioner whether he had discussed with his attorney "any possible legal or constitutional defenses or affirmative defenses that [he] might have" to the charges, "including any defenses that might be based on mental health issues." Plea Tr. at 9. Although petitioner indicated that he had discussed those matters with his attorney, and that he was satisfied with his legal representation, he never claimed at that time that his mental health might be germane to any issue before the trial court. Id. That objective evidence establishes that this aspect of petitioner's ineffective assistance claim is also without substance.

appellate counsel. Id. at 287-88, 120 S. Ct. at 765; Evitts v. Lucey, 469 U.S. 387, 396-97, 105 S. Ct. 830, 836 (1985); Ramchair v. Conway, 601 F.3d 66, 73 (2d Cir. 2010). The proper standard for evaluating a claim that appellate counsel was ineffective is the test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See Smith, 528 U.S. at 287-288, 120 S. Ct. at 765.

To establish that appellate counsel's conduct was objectively unreasonable, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." Ramchair, 601 F.3d at 73; Walker v. Ercole, No. 08-CV-4204, 2011 WL 843966, at *9 (E.D.N.Y. Mar. 8, 2011). Rather, to prevail on such a claim, a petitioner must demonstrate that counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Ramchair, 601 F.3d at 73; Narcissi v. Mazzuca, No. 05 CV 5710, 2012 WL 1392359, at *5 (E.D.N.Y. Apr. 23, 2012).

Nothing filed in this action supports petitioner's claim that his mental health, or some other disability of petitioner, cast doubt on the propriety of his guilty plea or the sentence thereafter imposed on him by the trial court. As noted ante at note 8, although the trial court specifically inquired of petitioner whether he had discussed with his attorney the issue of petitioner's mental health as a possible defense to the forgery charge, petitioner did not indicate at that time that his mental health was any issue that should be considered by the court. Plea Tr. at 9. Nor has petitioner provided any evidence in this action—other than his self-serving statement regarding his claimed disability—which establishes that he suffered from a mental disability at the time of the related criminal proceedings. Petitioner has

therefore not established that his alleged mental disability was a "significant and obvious issue" that appellate counsel wrongfully failed to argue on appeal. He has accordingly failed to demonstrate that the Appellate Division's decision denying his ineffective assistance of appellate counsel claim, see February, 2011 Decision, is either contrary to, or reflects an unreasonable application of, the above-referenced Supreme Court precedent. His second ground for relief will therefore be denied.

### iii. Sentencing Claim

In his final ground, petitioner argues that the imposed sentence is "harsh and excessive." Pet., Ground Three. He specifically contends that his forgery conviction did not warrant a sentence of two and one-half to five years imprisonment, particularly in light of his claimed mental disability, and asserts that such sentence should therefore be vacated. Id.

Appellate counsel did not argue, and petitioner does not claim herein, that the sentence imposed on him as part of his agreement to plead guilty to the forgery charge is illegal or otherwise impermissible under New York law.[9] "Where, as here, a [petitioner's] sentence is within the statutory range provided for by New York law, courts in this Circuit have held that it does not present a constitutional claim amenable to review in a federal habeas corpus." Roundtree v. Kirkpatrick, No. 11-CV-6188, 2012 WL 1413054, at *23 (W.D.N.Y. Apr. 23, 2012); see Madrid v. Smith, No. 08-CV-5262, 2012 WL 912945, at *7 (E.D.N.Y. Mar. 13, 2012). Furthermore, since there is no evidence that such sentence was outside the range permitted by New York law, petitioner also cannot prevail on any claim that the imposed sentence violated his Eighth Amendment right to be free from cruel and

---

[9] The trial court noted at petitioner's change of plea that the two and one-half to five year sentence was agreed upon by the parties. See Plea Tr. at 3.

17

unusual punishment. Madrid, 2012 WL 912945, at *7; Rivera v. Graham, No. 11 CIV. 3546, 2012 WL 397826, at *6 (E.D.N.Y. Feb. 7, 2012). Petitioner's final ground for relief will therefore be denied.

## III. CERTIFICATE OF APPEALABILITY

In considering whether petitioner is entitled to a Certificate of Appealability regarding the decision to deny and dismiss his petition, it is noted that 28 U.S.C. § 2253(c) provides, in relevant part, as follows:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . .

28 U.S.C. § 2253(c)(1)(A).[10]  A Certificate of Appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Since petitioner has failed to make such a showing herein, a Certificate of Appealability will not be issued in this matter.

Therefore, it is

ORDERED that:

1. Petitioner's Habeas Petition, Dkt. No. 1, is DENIED and DISMISSED;

2. No Certificate of Appealability shall issue; and

3. The Clerk shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with this District's Local Rules.

---

[10] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b).

IT IS SO ORDERED.

_____
United States District Judge

Dated: May 24, 2012
       Utica, New York.